J-S16031-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: J.M., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: J.M., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 256 EDA 2021 |

Appeal from the Order Entered December 29, 2020
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s):  CP-51-DP-0001100-2020

BEFORE:   BENDER, P.J.E., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY STEVENS, P.J.E.:          **FILED JULY 07, 2021**

Appellant, J.M. ("Father"), files this appeal from the order of adjudication and disposition entered December 29, 2020, in the Philadelphia County Court of Common Pleas, with respect to his minor, male child, J.M., born in May 2012 ("Child"), adjudicating Child dependent.[1]

Subsequent to the issuance of an Order of Protective Custody ("OPC") and Shelter Care Order, after the filing of a dependency petition on November 9, 2020, the court then commenced an adjudicatory hearing on November 19, 2020.  Both Mother and Father were present and represented by counsel. Child was represented by a guardian *ad litem*, also referred to as a child

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Child's mother, L.D. ("Mother"), did not file a separate appeal.

advocate.[2] The Philadelphia Department of Human Services ("DHS") presented the testimony of Emma Olshin, DHS social worker; Anina Castro, Community Umbrella Agency ("CUA"), Turning Points for Children, case manager; and Bob Buckhoffer, Community Behavioral Health ("CBH") representative. DHS further presented Exhibits DHS-1 and DHS-2, which were marked and admitted. Mother briefly testified until her internet connection failed. The child advocate was additionally unable to reach a witness. As such, the court ordered the temporary commitment to stand and continued the adjudicatory hearing until December 29, 2020. Continuance Order, 11/19/20.

In the interim, the child advocate filed a motion for change of placement on December 4, 2020. The court held a hearing on this motion on December 10, 2020. Mother and Father were present and represented by counsel. Again, Child was represented by a child advocate. DHS presented the testimony of Dominque Mines, CUA Case Management Supervisor. Additionally, Mother and Father each testified on their own behalf. Father further presented Exhibit F-1, which was marked and admitted. The court denied the motion and ordered the temporary commitment to stand. Motions Hearing Order, 12/10/20.

---

[2] The court appointed the Defender Association of Philadelphia, Child Advocacy Unit, pursuant to order entered October 16, 2020.

The adjudicatory hearing resumed on December 29, 2020.[3] Mother and Father were present and represented by counsel. Again, Child was represented by a child advocate. Notably, the court incorporated the testimony from the December 10, 2020 motions hearing. N.T., 12/29/20, at 11-12. The child advocate presented the testimony of Maternal Aunt, D.M. DHS presented the testimony of Dominique Mines. Additionally, Mother and Father each testified on their own behalf. Moreover, Exhibits DHS-3, M-1, F-1, and CA-1 were all marked and admitted. *Id.* at 47, 49, 53, 87, 100-03, 106-07.

At the conclusion of the hearing, the court adjudicated Child dependent. *Id.* at 125. By Order of Adjudication and Disposition entered December 29, 2020, the court memorialized its order. The court adjudicated Child dependent, discharging the temporary commitment and fully committing Child to DHS. Order of Adjudication and Disposition, 12/29/20. The court found that it was in Child's best interest and welfare to be removed from the home, and that DHS made reasonable efforts to prevent or eliminate the need for removal. *Id.* The court further ordered that legal custody transfer to DHS with Child's placement to remain in foster care. *Id*. Thereafter, on January 27, 2021, Father, through appointed counsel, filed a timely notice of appeal, along with a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b).

---

[3] This hearing, as well as the prior two referenced hearings, were conducted virtually due to the COVID-19 pandemic.

On February 26, 2021, the court filed a Notice of Compliance with Rule of Appellate Procedure 1925(a). *See* Trial Court's Notice of Compliance with Rule of Appellate Procedure 1925(a), 2/26/21. The court stated, in part, "[T]he trial court hereby gives notice that it stated on the record the reasons for its order of adjudication. . . . Furthermore, this [c]ourt addressed its determination that it is in the best interest of J.M. to be adjudicated dependent." *Id.* at 1 (unpaginated). Following broad reference to the record, including witness testimony and exhibits presented, the court further stated, "To the extent that the Pennsylvania Superior Court believes that the trial court's statements on the record do not adequately address any issue on appeal, the trial court will submit a supplemental opinion upon remand." *Id.* at 1-2.

We remand the appeal to the trial court for it to file with this Court, within thirty days, a Pa.R.A.P. 1925(a) opinion providing the reasons for its decision to adjudicate Child dependent.

Appeal remanded for the trial court to file an opinion with this Court within thirty days. Jurisdiction retained.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 7/7/2021*